UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
DAVID S. JONES,

                        Plaintiff,                    <u>REPORT AND
RECOMMENDATION</u>

          -against-

                                                        CV 05-2471 (JS) (ETB)

INCORPORATED VILLAGE OF HEMPSTEAD
POLICE DEPARTMENT, et al.,

                        Defendants.
-----------------------------------------------------------------------------X

TO THE HONORABLE JOSEPH F. BIANCO, UNITED STATES DISTRICT JUDGE:

      The <u>pro se</u> plaintiff, David S. Jones ("Jones" or "plaintiff"), brings this civil rights action against the Incorporated Village of Hempstead Police Department, the Hempstead Police Department, Sergeant Sortino, and John Doe defendants, arising from plaintiff's arrest on November 22, 2004. The action commenced with the <u>pro se</u> plaintiff's filing of the complaint on May 13, 2005. The <u>pro se</u> plaintiff has never appeared and/or prosecuted this action.

      By order dated August 30, 2005, an initial conference before the undersigned was scheduled for September 30, 2005. Plaintiff failed to appear. At the conference, a discovery schedule was established and a final conference was scheduled for April 27, 2006. No discovery has occurred in this action. The plaintiff again failed to appear before the Court on April 27, 2006 for the scheduled conference. On April 27, 2006, the undersigned directed the plaintiff to show cause at a hearing on May 10, 2006 why this action should not be dismissed based on abandonment and failure to comply with the orders and rules of the Court. The defendants served a copy of the May 10, 2006 Order to Show Cause on the plaintiff, and filed an affidavit of service with the Court. On May 10, 2006, plaintiff for the third time failed to appear before the

1

Court as directed. Plaintiff has failed to communicate in any way with the Court or the defendants since May 13, 2005, when the plaintiff filed the complaint.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) permits the Court to <u>sua sponte</u> dismiss a plaintiff's complaint if the plaintiff fails to prosecute her claim or comply with a court order. Rule 41(b), Fed. R. Civ. P. <u>See also</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted."); <u>West v. Gilbert</u>, 361 F.2d 314, 316 (2d Cir. 1966) (per curium), <u>cert. denied</u>, 385 U.S. 919, 87 S. Ct. 229, 17 L. Ed. 2d 143 (1966) ("The District Court has the power to dismiss for failure to prosecute, on its own motion."); <u>Jones v. Pearson</u>, No. 03 Civ. 8987, 2004 U.S. Dist. LEXIS 18679, at *2 (S.D.N.Y. Sept. 13, 2004) ("A district court has the inherent power to dismiss a case . . . for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.").

A district court considering a dismissal under Fed. R. Civ. P. 41(b) should look to:

> (1) the duration of the plaintiff's failures,(2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calender congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

<u>Jackson v. City of New York</u>, 22 F.3d 71, 74 (2d Cir. 1994) (quoting <u>Alvarez v. Simmons Mkt. Research Bureau, Inc.</u>, 839 F.2d 930, 932 (2d Cir. 1988)). <u>See also</u> <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the plaintiff had failed to appear before the Court on three separate occasions. Plaintiff has not complied with the Court's orders to appear at conferences or the Court's May 10, 2006 Order directing the plaintiff to show cause why this action should not be dismissed for failure to prosecute and failure to comply with Court orders and rules. Plaintiff has failed to communicate with the Court or the defendants since plaintiff's filing of the complaint on May 13, 2005.

## **CONCLUSION**

Based on the foregoing, this action should be dismissed, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and failure to comply with the orders of the court.

## **OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Defendant's counsel is directed to serve a copy of this report on plaintiff upon receipt.
SO ORDERED.

Dated: Central Islip, New York
       May 11, 2006

                                                                     <u>/s/ E. Thomas Boyle</u>
                                                                     E. THOMAS BOYLE
                                                                     United States Magistrate Judge